UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

To:             All Counsel of Record

Issued By:      Judge Robert R. Summerhays

Re:             Adams v. Old Republic, et al
                Civil Action No. 6:19-cv-1281

Date:           June 9, 2020

## MINUTE ENTRY

This Court has received notice Hertz Corp. and related entities filed a voluntary petition for relief under Chapter 11 of Title 11 ("Bankruptcy") of the United States Code, in the United States Bankruptcy Court for the District of Delaware on May 22, 2020, Case No. 20-11218. Pursuant to 11 U.S.C. § 362(a), a mandatory stay of all claims against the debtor took effect at the time of the filing of the bankruptcy petition and, for the purpose of clarifying the debtor's status herein, the Court acknowledges all claims against Hertz Corp. and related entities are STAYED pending notice from the presiding bankruptcy court that the stay has been lifted.

In order to permit counsel to take stock of the effect of the bankruptcy stay upon further proceedings herein, this matter is STAYED in its entirety until **July 10, 2020.** On or before that date, counsel for all non-debtor parties are ORDERED to confer for the purpose of ascertaining whether or not all non-debtor parties can reach an agreement as to how further proceedings in this matter should be handled with respect to the non-debtor parties. On or before the deadline, counsel shall jointly report to the Court, in writing, the results of their decisions. If the non-debtor parties are unable to reach an agreement, a status conference will be scheduled by the Court for further discussion of the pertinent issues.

Counsel are advised that in the event any non-debtor party seeks to have the stay of this matter extended beyond **July 10, 2020** over objection of another party, the movant will be required to demonstrate the existence of a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *See Wedgeworth v. Fibreboard Corporation*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).[1] *See also Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) ("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors.")

---

[1] "[T]he protections of § 362 neither apply to co-defendants nor preclude severance." *Wedgeworth* at 544.